# COURT OF APPEALS OF TEXAS.

## GALVESTON TERM, 1884.

[No. 1524.]

### GEORGE ROBERSON v. THE STATE.

1. ASSAULT—PLEADING—INFORMATION.—Notwithstanding the general rule that an indictment or information, to be sufficient, must allege the acts or omissions which constitute the offence, it is not necessary in charging an assault that the pleader should allege the particular acts of violence which constituted the assault. See the opinion for an information *held* sufficient to charge a simple assault.
2. SAME—VARIANCE.—That the affidavit upon which the information was based was signed "William Hunt," and charged that the defendant committed an assault upon "Wm. Hunt," and that the information charged the assault to have been committed upon "Wm." instead of "William" Hunt, was not a variance fatal to the prosecution.
3. PRACTICE—PLEADING—LIMITATION.—In the absence of any law prescribing the time within which an information may be filed after complaint made, it is *held* that the information may be filed at any time before the offense is barred by limitation, although the complaint may have been filed long before the time of presenting the information.

APPEAL from the County Court of Washington. Tried below before the Hon. C. R. Breedlove, County Judge.

The affidavit, charging an assault upon Wm. Hunt, appears to have been signed and sworn to by William Hunt, on the eleventh day of September, 1883. The information based thereon, and charging an assault upon Wm. Hunt, was filed by the county attorney on the first day of November, 1883. A motion to quash the information because of a variance between the affidavit and information as to the name of the alleged injured party, and because the information was not filed within a reasonable time after the filing of the affidavit, was overruled on the fifth day of November, 1883, and on the next day the defendant was placed upon trial, was convicted, and was fined in the sum of five dol-

lars. Motion for a new trial being overruled, this appeal was prosecuted.

The transcript brings up no statement of facts, but it appears from the motions for new trial and in arrest of judgment, and the assignment of errors, that the grounds relied upon for a reversal of the judgment are those involved in the opinion of this court.

*Sayles & Bassett,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. 1. It is alleged in the information that the defendant "did wilfully and unlawfully, in and upon the body of Wm. Hunt, make an assault, and did then and there, with one certain pistol, a deadly weapon, threatening gestures make at, to and toward the said Wm. Hunt, with the intent to injure the said Wm. Hunt," etc. We are of the opinion that this is a good information for a simple assault. It would have been sufficient if the pleader had alleged that the defendant did then and there wilfully and unlawfully make an assault upon the body of Wm. Hunt, without alleging the particular acts of violence constituting such assault. The statement as to the means made use of in committing the assault was unnecessary, and may be regarded and treated as surplusage. (1 Whart. Precedents, Form 214; *Bloomer* v. *The State,* 3 Sneed (Tenn.); 66; 2 Bish. Crim. Proc., sec. 56; *Martin* v. *The State,* 40 Texas, 19; 1 Arch. Crim. Proc. and Pl., p. 915, and note.)

It is true that the simple allegation that the defendant "did make an assault" is merely an allegation of a conclusion of law, and ordinarily would be insufficient, the general rule being that an indictment, to be sufficient, must allege the acts or omissions which constitute the offense. (*Williams* v. *The State,* 12 Texas Ct. App., 395; *Young* v. *The State,* 12 Texas Ct. App., 614.) But this form of indictment has always been held good at common law, and in our own State, for the offense of an assault, and at the time of the adoption of our several State constitutions was recognized and known as a valid indictment, and must therefore be considered as such within the meaning of the Constitution and the provisions of the Code of Criminal Procedure. Were the question as to the sufficiency of such an indictment an open one, we might hesitate to hold that it was sufficient. It

seems to the writer that to so hold would be inconsistent with the general rule applicable to indictments—that the facts constituting the offense must be alleged, and not conclusions of law. But the question is too well settled to be now inquired into, and we therefore hold that there was no error in overruling the defendant's exceptions to the information.

2. That the affidavit upon which the information was based was signed William Hunt, and charged that defendant committed an assault upon Wm. Hunt, and that the information charged the assault to have been committed upon Wm. instead of William Hunt, is not an objection fatal to the prosecution. We think the defendant's motion to quash the information upon the ground of the supposed variance above stated was properly overruled. (Code Crim. Proc., Art. 425; Clark's Crim. Law, p. 423, note.)

3. There is no time prescribed by law within which an information must be filed upon complaint made. In the absence of such a provision we hold that the information may be presented at any time before the offense is barred by limitation, although the complaint may have been made long before the time of presenting the information.

We find no error in the judgment of conviction, and it is affirmed.

*Affirmed.*

Opinion delivered January 16, 1884.